UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUIS JIMENEZ, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN PARA PROFESSIONAL SYSTEMS, INC. d/b/a APPS PARA MEDICAL SERVICES, <br><br> Defendant. | Case No. 1:22-cv-05244 |

## CLASS ACTION COMPLAINT

**NOW COMES** LUIS JIMENEZ ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of AMERICAN PARA PROFESSIONAL SYSTEMS, INC. d/b/a APPS PARA MEDICAL SERVICES ("Defendant") as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## PARTIES

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant was domiciled in Pingree Grove, Illinois.

5. Defendant is "the largest provider of paramedical services for the purpose of gathering information to be used in underwriting of life, disability, and group insurance."[1]

6. Upon information and belief, Defendant maintains its principal place of business in Westerville, Ohio.

## FACTUAL ALLEGATIONS

7. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1979.

8. At all times relevant, Plaintiff's number ending in 1979 was assigned to a cellular telephone service.

9. At all times relevant, Plaintiff was financially responsible for his cellular telephone services.

10. Plaintiff has been the subscriber to the number ending in 1979 for over 7 years.

11. In September 2022, Defendant started placing calls to Plaintiff's cellular phone number in an attempt to reach an unknown individual by the name of "Brian Jenkins".

---

[1] https://appslive.com/Index.aspx (last visited September 26, 2022)

12. In the calls which Plaintiff did not answer, Defendant would leave a prerecorded voicemail message ("robocall") stating:

> "This is APPS Paramedical Services calling on behalf of Northwestern Mutual. We are contacting Brian Jenkins. Please call us back at 855-772-4200."

13. It was clear to Plaintiff that Defendant's voicemails utilized an artificial and/or prerecorded voice because: (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voicemails were all monotone and were conspicuously not left by a live representative; and (4) all voicemails directed Plaintiff to call a toll free number to speak to an unidentified representative.

14. Upon information and belief, the prerecorded message described in Paragraph 12 is Defendant's stock message that it utilizes when the intended recipient does not answer Defendant's phone calls.

15. In total, Defendant placed three (3) misguided robocalls to Plaintiff's cellular phone number.

16. Specifically, Defendant placed misguided robocalls to Plaintiff's cellular phone on September 2, 2022, September 6, 2022, and September 7, 2022.

17. All of Defendant's robocalls were placed from phone number (855) 772-4200.

18. Plaintiff has no form of relationship with Defendant and has never consented to receive any phone calls from Defendant.

## DAMAGES

14. Plaintiff values his time, privacy, and solitude.

15. Plaintiff's phone number ending in 1979 is registered on the National Do Not Call Registry.

3

16. Defendant's misguided robocalls have invaded Plaintiff's privacy and have caused Plaintiff concrete harm, including: aggravation that accompanies unwanted robocalls, increased risk of personal injury resulting from the distraction caused by the misguided robocalls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular phone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

17. Moreover, each time Defendant placed a misguided robocall to Plaintiff's cellular phone number, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

## CLASS ALLEGATIONS

18. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

19. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals residing in the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) on behalf of Northwestern Mutual; (3) directed to a number assigned to a cellular telephone service; (4) using an artificial or prerecorded voice; (5) in attempt to contact a third party; (6) within the four years preceding the date of the original complaint through the date of class certification.

20. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors;

(3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

21. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

22. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

23. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

24. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

25. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

26. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

27. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendants' conduct.

### D. Superiority and Manageability

28. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

29. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

30. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

31. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

32. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

33. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

34. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) because he is an individual.

37. Defendant is a "person" as defined by 47 U.S.C. §153(39) because it is a corporation.

38. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or *an artificial or prerecorded voice*" to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

39. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing three (3) calls to Plaintiff's cellular phone number utilizing an artificial or prerecorded voice without Plaintiff's consent.

40. As pled above, Defendant utilized an artificial and/or prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

41. As pled above, Defendant did not have consent to place robocalls to Plaintiff's cellular phone number.

42. As pled above, Plaintiff was harmed by Defendant's unlawful robocalls.

43. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

44. Upon information and belief, Defendant has failed to implement protocols or procedures to ensure that misguided calls are not placed.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.	a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C.	an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

D.	an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each violating call;

E.	an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each violating call; and

F.	an award of such other relief as this Court deems just and proper

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: September 27, 2022	Respectfully submitted,

**LUIS JIMENEZ**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*